IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ALLEN ALPHONZO ADAMS, | : |
| | : |
| Plaintiff, | : |
| | :   NO. 1:11-CV-155 -WLS-TQL |
| VS. | : |
| | : |
| COUNTY COMMISSIONER for | : |
| CALHOUN COUNTY, et. al., | : |
| | : |
| Defendants. | : |

## ORDER & RECOMMENDATION

Plaintiff **ALLEN ALPHONZO ADAMS**, a prisoner at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. In an Order dated November 16, 2011 [Doc. 7], this Court granted Plaintiff's Motion to Proceed *in forma pauperis* but directed Plaintiff to recast his Complaint. Plaintiff complied with the Court's Order,[1] and the Court has reviewed Plaintiff's Recast Complaint as required by 28 U.S.C. § 1915A. Having done so, the Court finds that Plaintiff has sufficiently stated an Eighth Amendment claim against Defendant Latisha Wesley. That claim will thus be allowed to proceed beyond the frivolity review stage. It is **RECOMMENDED**, however, that all other Defendants and claims be **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1) & (2).

---

[1] At the time Plaintiff filed his Supplement, he also filed a Motion to Amend his Complaint [Doc. 9]. To the extent that Plaintiff seeks to amend his Complaint with the information added in the Supplement, Plaintiff's Motion is obviously **GRANTED**.

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a).  In so doing, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).   A district court must, nonetheless, dismiss a prisoner complaint after the initial review if the court finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  A complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id.  In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id.  "[T]hreadbare recitals of the elements of a

2

cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## PRELIMINARY REVIEW OF PLAINTIFF'S CLAIMS

The claims brought in the present Complaint arise from incidents occurring at Calhoun State Prison on November 12, 2010. The Complaint alleges that Plaintiff was arrested for "simple assault" while at Calhoun State Prison. According to the Complaint, Plaintiff was placed in handcuffs (either before or after his arrest). Plaintiff was then assaulted by a corrections officer, Defendant **Latisha Wesley**. Officer Wesley allegedly "beat" Plaintiff on his head with her radio while he was restrained. Plaintiff alleges that Wesley subsequently confessed to the beating and stated that she "was emotional" when she assaulted Plaintiff. Plaintiff claims to have suffered cognitive and visual impairments as a result of the assault which are "irreparable." He specifically alleges that the assault caused him "to continue losing his remember an[d] thinking ability" as well as "problems with his see[ing] ability." He claims that he has suffered memory loss, "cannot think very well," and is now "unable to see as other people."

The Complaint also appears to allege that Plaintiff's arrest led to his prosecution for "simple assault" and/or "obstruction of a [law enforcement] officer." Plaintiff alleges, however, that he was not taken before a magistrate judge within the required time period, was indicted for an offense that was not included in the arrest warrant, and was provided ineffective legal assistance by his public defender. He thus claims that Defendants – an unnamed **County Commissioner**, the district attorney **Chuck Rook**, and his public defender **Patrick Chisholm** – violated his due process rights. It is unclear whether Plaintiff's prosecution is still on-going or whether he has sought any relief for these alleged constitutional violations in the state courts.

Plaintiff does allege, however, that he attempted to file a civil action in state court and that the Calhoun County Clerk of Court, **Karen Taylor**, further violated his constitutional rights by refusing to docket or "place on file" Plaintiff's "civil action" or otherwise serve the named defendants in that suit. For this, Plaintiff also blames the "Calhoun County Commissioner."

In light of these allegations, the Court presumes that Plaintiff has attempted to state (1) an Eighth Amendment claim against Officer Latish Wesley based upon the alleged assault and (2) due process claims against the remaining Defendants for alleged constitutional violations in his criminal prosecution and attempted civil suit.

When read in a light most favorable to the Plaintiff, the allegations against Officer Wesley do sufficiently state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. §1915A. See Hale, 50 F.3d at 1581. If true, the allegations suggest that Plaintiff was subjected to an excessive and malicious use of force by Officer Wesley and, as a result, suffered a significant brain injury See generally, Hudson v. McMillian, 503 U.S. 1, 7-8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (discussing requirements for excessive force claim). Accordingly, this claim will be allowed to go forward, and service will be made on Defendant Latisha Wesley.

It is **RECOMMENDED**, however, that all other Defendants and claims be **DISMISSED**.

For their part in Plaintiff's Complaint, District Attorney Chuck Rook and Clerk of Court Karen Taylor are entitled to immunity. Prosecutors are absolutely immune from liability for damages for activities intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995-96, 47 L.Ed.2d 128 (1976). Prosecutorial immunity extends to all actions the prosecutor takes while performing his or her function as an advocate for the government. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir.2002). Court clerks likewise "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and . . . qualified immunity from all other actions for damages." Hyland v. Kolhage, 267 Fed. Appx. 836, 842 (11th Cir. 2008) (quoting Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir.1981) ("The question which must be answered with regard to the extension of absolute judicial immunity, therefore, is whether the act performed by the officer is discretionary or ministerial in nature."); see also Williams v. General Motors Corp., 656 F.2d 120, 125 (11th Cir.1981) ("[T]he assignment of a docket number . . . is a ministerial, reflexive act performed by the Clerk . . . ."). Nothing in Plaintiff's Complaint suggests that the district attorney acted outside his function as an advocate for the government when the alleged violations occurred. Nor does the Complaint suggest that the clerk was performing a discretionary duty when she failed to file his "civil action" or was otherwise deliberately indifferent to Plaintiff's constitutional rights in doing so.

Plaintiff likewise failed to state a § 1983 claim against his public defender, Patrick Chisholm. To state a claim for relief under § 1983, a plaintiff must allege that he was deprived of a federal right by a person acting under color of state law. Hale, 50 F.3d at 1581. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Plaintiff's claim against Defendant Chisholm is based upon allegations that

5

Chisholm provided Plaintiff with ineffective legal assistance in his state criminal proceedings. Thus, even if the allegations in his Complaint are true, Plaintiff's public defender was not acting under color of state law and may not be sued under § 1983.

It is unclear what theory Plaintiff uses to hold a "County Commissioner" responsible for the alleged constitutional violations. In any case, Plaintiff's allegations against this unnamed party fail to state a cognizable claim. Not only is fictitious party pleading not permitted in federal court, Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010), but Plaintiff's allegations against the County Commissioner are related only to his alleged supervisory role over the court and clerk. It is well settled that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Moreover, even if this Court was to construe Plaintiff's claim against the unnamed Commissioner as one against Calhoun County, Plaintiff has failed to allege any facts under which the County may be held liable for a policy or practice giving rise to the alleged constitutional violations. See generally, Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); Church v. City of Huntsville, 30 F.3d 1332, 1343 (11th Cir. 1994).

To the extent that Plaintiff's criminal prosecution is still on-going, the United States Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971) also requires this Court to abstain from considering any constitutional claims related thereto. See Thompson v. Wainwright, 714 F.2d 1495, 1503 (11th Cir. 1983). In Younger, the United States Supreme Court explained that federal courts must refrain from interfering with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. See id. Nothing in Plaintiff's Complaint suggests that this case should be excepted from the Younger doctrine. See Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 n. 6 (11th Cir. 2004) (identifying three exceptions to the abstention doctrine). There are no allegations demonstrating

clear bad faith or irreparable injury, and Plaintiff certainly has adequate alternatives in the state courts where constitutional issues can be raised. See e.g., O.C.G.A. § 9–14–1(a) ("Any person restrained of his liberty . . . , except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint."). The abstention doctrine would thus apply in this case. See Green v. Jefferson County Comm'n, 563 F.3d 1243, 1250 (11th Cir. 2009).

If Plaintiff's criminal prosecution is not still on-going, Plaintiff's claims arising from his criminal prosecution are barred by the doctrine announced in Heck v. Humphries, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87. In other words, a prisoner cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Plaintiff's allegations in this case, if proven, would potentially invalidate his conviction or sentence. Thus, because Plaintiff has not demonstrated that his conviction or sentence has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, Heck would bar his present claims.

## CONCLUSION

For these reasons, the Court finds that Plaintiff has failed to state any cognizable claim against Defendants "**County Commissioner**," Clerk of Court **Karen Taylor**, District Attorney **Chuck Rook**, or Public Defender **Patrick Chisholm**. It is accordingly **RECOMMENDED** that all claims against these Defendants be **DISMISSED** under 28 U.S.C. §1915A(b)(1) & (2). Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation

with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

However, Plaintiff's allegations against Defendant **Latisha Wesley** are sufficient to survive a frivolity review.  It is thus **ORDERED** that service be made on Defendant Wesley and that she file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by Plaintiff.  Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendant (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by the Defendant and granted by the Court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required

to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from

Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until the fee has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee (by any means permitted by law) is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is also subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 27th day of December, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr