IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ALLEN ALPHONZO ADAMS, | : |
| Plaintiff, | : |
| VS. | :     1 : 11-CV-155 (WLS) |
| COUNTY COMMISSIONER FOR CALHOUN COUNTY, *et al*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on October 26, 2011. (Doc. 1).  Presently pending in this action are Plaintiff's Motions to Appoint Counsel, Motions for Amended Joined Party(s), Motion for Discovery, Motion to Compel, Motion to Vacate, Motion to Amend, Motion to add injunctive relief, and Motion for Preliminary Injunction.  (Docs. 20, 25, 21, 26, 19, 28, 17, 14, 15, 27).

**I. ORDERS**

*Appointment of Counsel (Docs. 20, 25)*

Plaintiff filed Motions for Appointment of Counsel on February 3, 2012 and February 21, 2012.  Generally speaking, no right to counsel exists in § 1983 actions.  *Wahl v. McIver*, 773 F.2d F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).  Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among

other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motions for Appointment of Counsel are **DENIED** at this time.

*Motions for Amended Joined Party(s) (Docs. 21, 26)*

In Plaintiff's two Motions for Amended Joined Party(s), it appears Plaintiff is requesting hearings for his Motions for Appointment of Counsel, and requesting that his counsel be joined as a party in this action. Initially, the Court notes that if Plaintiff was appointed counsel, Plaintiff's counsel would not become a party to this action, and thus would not be joined as a party. Furthermore, it is unnecessary to hold a hearing regarding Plaintiff's Motions for Appointment of Counsel as the Court can properly determine the issue without a hearing. Therefore, Plaintiff's Motions for Amended Joined Party(s) are hereby **DENIED**.

*Motions Regarding Discovery (Doc. 19, 28)*

Plaintiff filed a Motion for Permission to Enter Discovery Stage on January 27, 2012, and filed a Motion to Compel on February 23, 2012. The undersigned ordered Defendant Wesley to be served on December 27, 2011. (Doc. 11). In that Order, the Court also stated that discovery is to begin when an answer or other dispositive motion has been filed. As of the date of this Order, Defendant Wesley has not filed an answer or other dispositive motion. Thus, discovery has not

2

yet commenced.  Furthermore, parties do not need permission from the Court to begin discovery, and should not file discovery with the Court.  (*See* Doc. 11).

As the discovery period has not yet begun, Plaintiff's Motion for Permission to Enter Discovery Stage is **DENIED**.  Moreover, as Plaintiff has attempted to begin discovery prior to commencement of the discovery period, and has not indicated that he properly served discovery on Defendant, the Motion to Compel is **DENIED**.

*Motion to Vacate (Doc. 17)*

Plaintiff has filed a Motion to Vacate, requesting that the Court set a hearing to determine if the December 27, 2011 Order and Report and Recommendation should be vacated.  Plaintiff also appears to request that the Court vacate a portion of the Report and Recommendation.  As Plaintiff is requesting the Court reconsider its previous recommendation dismissing Plaintiff's claims of constitutional deprivation arising from an arrest, the Court has interpreted Plaintiff's Motion to Vacate as a motion for reconsideration.

Herein, Plaintiff has presented no new information which persuades the Court to reconsider its recommendation to dismiss Plaintiff's claims related to his criminal prosecution.  Furthermore, a hearing is not appropriate as this issue can be decided from the information contained in this Motion.  Therefore, Plaintiff's Motion to Vacate is **DENIED.**

*Motions Regarding Amending (Docs. 14, 15)*

On January 18, 2012, Plaintiff filed a Supplement Complaint, appearing to add four defendants to his Complaint.  (Doc. 13).  On that same day, Plaintiff also filed a Motion for Amended Supplement Complaint and a Supplement Injunction for Relief.  (Docs. 14, 15).  In taking all three documents together, Plaintiff is seeking to add as Defendants the Medical Board

for Private Contractor, the Secretary of State Board of Nursing, Physician Burnside, and Nurse Mary Gore.  (Doc. 13, 14).  Plaintiff appears to allege that the Medical Board for Private Contractor and the Secretary of State Board of Nursing allowed Plaintiff to be deprived of medical treatment by Physician Burnside and Nurse Gore. (Doc. 13).  Plaintiff further maintains that Physician Burnside and Nurse Gore denied Plaintiff medical treatment at the Georgia Diagnostic and Classification Prison.  Plaintiff requests injunctive relief and damages. (Doc. 15).

Plaintiff filed his initial Complaint on October 26, 2011, and a waiver of service has been mailed to Defendant Wesley; however, she has not returned the waiver or filed an answer or other dispositive motion.  (Docs. 1, 23).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A)  21 days after serving it, or
> (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.

The Motion to Amend was filed prior to the mailing of the waiver of service to Defendant Wesley.  Thus, Plaintiff's Motion to Amend was timely filed under Rule 15(a)(1)(A).  The Court lacks the discretion to reject an amended complaint when the Plaintiff has the right to file an amended complaint as a matter of course.  *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007).  Accordingly, Plaintiff's Motion to Amend his Complaint (Doc. 14) and Supplement Injunction for Relief (Doc. 15) are **GRANTED**.

## II. RECOMMENDATIONS

Even though Plaintiff's Motion to Amend is granted, the claims against the new Defendants

remain subject to review and possible dismissal under 28 U.S.C. § 1915A(b).  A federal court is required to dismiss a prisoner complaint that is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Initially, the claims in Plaintiff's original Complaint raise allegations of excessive force that occurred at Calhoun State Prison on November 12, 2010.  (Doc. 1).  Plaintiff alleges that the excessive force caused cognitive and visual impairments.  In Plaintiff's Supplement (Doc. 13), Plaintiff is alleging deliberate indifference regarding treatment for a shoulder problem while housed at Georgia Diagnostic and Classification Prison in October of 2011.  Pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure, Defendants may be joined in one action if

> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) Any question of law or fact common to all defendants will arise in the action.

The events alleged in Plaintiff's Supplement do not relate to the events alleged in Plaintiff's original Complaint.  The new claims occurred almost a year after the claims alleged in Plaintiff's Complaint.  The new claims also occurred at a different prison facility, involve different Defendants, and allege different physical injuries.  Plaintiff has not shown how the newly asserted claims logically relate to the original Complaint.  Therefore, the four new Defendants should be dismissed as the claims do not relate to Plaintiff's original Complaint.  *See Nichols v. Head*, 2010 WL 4261395, *3 (M.D. Ga. Oct. 21, 2010) (denying the plaintiff's motion to amend because the plaintiff "failed to show a logical relationship between his claims" in the

original complaint and the claims in his motion to amend); *Williams v. Eves*, 2010 WL 1955934, *2 (S.D. Ga. March 1, 2010) (denying the plaintiff's motion to add defendants when the plaintiff failed to show a logical connection between his claims against the named defendants and his newly alleged claims against defendants at a different prison facility).

The Court also notes that Plaintiff is attempting to hold the entities Medical Board for Private Contractor and the Secretary of State Board of Nursing liable for the alleged deliberate indifference committed by contracted employees.  Plaintiff's allegations against these parties fail to state a cognizable claim.  Plaintiff's allegations against these two entities are related only to their alleged supervisory positions over Physician Burnside and Nurse Gore.  It is well settled that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (holding a supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of vicarious liability); *Kruger v. Jenne*, 164 F.Supp.2d 1330, 1334 (S.D. Fla. June 19, 2000) (a company who provides medical care to inmates cannot be held liable under the doctrine of supervisory liability for an alleged §1983 violation committed by one of its employees).

As Plaintiff's newly asserted claims do not relate to his original Complaint, and as Plaintiff is attempting to impermissibly hold the Medical Board for Private Contractor and the Secretary of State Board of Nursing vicariously liable, it is the recommendation of the undersigned that Plaintiff's Supplement Complaint (Doc. 13), including any allegations contained in the Motion to Amend and Supplement Injunction for Relief (Docs. 14, 15), be **DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

## *Injunctive Relief (Doc. 27)*

Plaintiff filed a Motion requesting the Court grant him injunctive relief or a temporary restraining order against prison officials because Plaintiff is not receiving his legal mail, and he is being denied medical treatment.

A temporary restraining order/preliminary injunction protects a party against irreparable harm while preserving the status quo until a decision on the merits can be made. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). In order to obtain injunctive relief, Plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction is issued; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (1990). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting *Canal Authority*, 489 F.2d at 573).

Plaintiff has provided no evidence to the Court to demonstrate that he is likely to prevail on

7

the merits of this case.  Plaintiff complains that prison officials are denying him access to his legal legal mail because he has not received any receipts from the courts acknowledging Plaintiff's filing of documents.  Plaintiff cites to several instances in this case and in other Federal and State cases wherein he did not receive receipts for documents that he filed with the Clerk.  The docket in this case does not indicate that any receipts have been mailed to Plaintiff regarding his filed documents.  Furthermore, when the Clerk of Court receives documents from a party, the Clerk files the document, but does not typically mail a receipt to the filing party.  Thus, Plaintiff has not not shown that he is likely to prevail on this claim as there is no indication that the Clerk has mailed receipts that are being withheld by prison officials.

As to Plaintiff's allegations that he is not receiving medical care, Plaintiff has again failed to prove that he will likely prevail on the merits of this claim.  Plaintiff has also failed to show that he will suffer irreparable harm if injunctive relief is not issued.  "Any injury is irreparable only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987); *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983).  Further, an "irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

There is nothing in the record to indicate that Plaintiff's allegations of harm are anything more than speculative.  Plaintiff's Motion states that he is suffering harm because it is difficult to write, he cannot see very well, and he suffers from a skin problem.  He alleges that he has not received an MRI or x-ray, and he is not receiving anything to treat his skin problem.

Plaintiff has not provided any evidence which shows that he is suffering from any injuries that need immediate treatment, or that a lack of treatment will cause actual and imminent harm.

Further, Plaintiff's statements are speculative and remote, and do not show that Plaintiff's alleged injuries cannot be addressed through monetary remedies.

As Plaintiff has failed to show that he will likely prevail on the merits, or suffer irreparable injury unless the Court issues injunctive relief, the undersigned recommends that Plaintiff's Motion for Injunctive Relief be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 13th day of March, 2012.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf