**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| ALLEN ALPHONSO ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:11-CV-155 (WLS) |
| | : | |
| COUNTY COMMISSIONER FOR | : | |
| CALHOUN COUNTY, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

      Before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 29).   The Order and Recommendation, filed March 13, 2012, denies Plaintiff's Motions for Appointment of Counsel (Docs. 20, 25), denies Plaintiff's Motions for Amended Joined Party(s) (Docs. 21, 26), denies Plaintiff's Motion for Permission to Enter Discovery (Doc. 19) and Motion to Compel (Doc. 28), denies Plaintiff's Motion to Vacate (Doc. 17), grants Plaintiff's Motion to Amend Complaint (Doc. 14) and Supplement Injunction for Relief (Doc. 15); and recommends that: (1) Plaintiff's Supplement Complaint (Doc. 13) be dismissed, including any allegations contained in the Motion to Amend (Doc. 14) and Motion for Injunction (Doc. 15); and (2) Plaintiff's Motion for Injunctive Relief (Doc. 27) be denied. Plaintiff timely filed a Motion for Objection (Doc. 30) and "Notice for Appeal Document(s) 11 and 29 Orders" (Doc. 34), which the Court will interpret as Plaintiff's Objections.

      For the following reasons, the objections set forth in Plaintiff's Objections (Docs. 30, 34) are **OVERRULED**, and United States Magistrate Judge Langstaff's March 13, 2012 Order and Recommendation (Doc. 29), is **ACCEPTED, ADOPTED** and made the Order of this Court for

1

reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.   Accordingly Plaintiff's Supplement Complaint (Doc. 13) is hereby **DISMISSED**, including any allegations contained in the Motion to Amend (Doc. 14) and Motion for Injunction (Doc. 15), and Plaintiff's Motion for Injunctive Relief (Doc. 27) is hereby **DENIED**.  The Medical Board for Private Contractor, the Secretary of State Board of Nursing, Physician Burnside, and Nurse May Gore are **DISMISSED** from the case.

## I.     PLAINTIFF'S OBJECTION TO MARCH 13, 2012 ORDER

As best the Court can tell, Plaintiff objects to the rulings made in Judge Langstaff's March 13, 2012 Order (Doc. 29) regarding Plaintiff's Motions for Appointment of Counsel (Docs. 20, 25), Plaintiff's Motions for Amended Joined Party(s) (Docs. 21, 26), Plaintiff's Motion for Permission to Enter Discovery (Doc. 19), Motion to Compel (Doc. 28), and Plaintiff's Motion to Vacate (Doc. 17).  (Docs. 30, 34).

Federal Rule of Civil Procedure 72(a) states that a "party may serve and file objections to" a Magistrate Judge's non-dispositive order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly-erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same "clearly erroneous or contrary to law" standard).  Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted).  The standard for overturning a Magistrate Judge's non-dispositive order is "a very

difficult one to meet." <u>Thornton v. Mercantile Stores Co., Inc.</u>, 180 F.R.D. 437, 439 (M.D.Ala.1998) (internal quotation marks omitted).

The Court has carefully reviewed and considered Plaintiff's Objections, which were timely filed within fourteen days as required by Rule 72(a), and finds that they do not show that Judge Langstaff's Order (Doc. 29) is clearly erroneous or contrary to law.  Therefore, Plaintiff's Objections to Judge Langstaff's March 13, 2012 Order (Docs. 30, 34) are **OVERRULED.**

## II.     PLAINTIFF'S OBJECTION TO MARCH 13, 2012 RECOMMENDATION

Judge Langstaff's March 13, 2012 Recommendation recommends that Plaintiff's Supplement Complaint (Doc. 13) be dismissed, including any allegations contained in the Motion to Amend (Doc. 14), and that the Defendants named in the Supplement Complaint, the Medical Board for Private Contractor, the Secretary of State Board of Nursing, Physician Burnside, and Nurse May Gore, be dismissed from the case.  As best the Court can tell, Plaintiff's objections regarding the Defendants named in the Supplement Complaint assert that the events alleged in the Supplement Complaint relate to the events alleged in Plaintiff's original Complaint.  Plaintiff's objections ignore Judge Langstaff's findings that the new claims occurred almost a year after the claims alleged in Plaintiff's original Complaint and that the new claims occurred at a different prison facility, involve different Defendants, and allege different physical injuries.  Accordingly, the Court finds that Plaintiff's Objections (Doc. 30, 34) fail to rebut the legally sound findings of Judge Langstaff, and Plaintiff's objections regarding the dismissal of Defendants Nurse May Gore, the Medical Board for Private Contractor, the Secretary of State Board of Nursing, and Physician Burnside are **OVERRULED**.

3

Judge Langstaff's March 13, 2012 Recommendation also recommends that Plaintiff's Motion for Injunctive Relief (Doc. 27) be denied.  Plaintiff's objections (Doc. 30, 34) fail to challenge Judge Langstaff's finding that Plaintiff provided no evidence that he was likely to prevail on the merits of his claims that he was not receiving medical care and that he is not receiving his legal mail.  Instead of pointing to evidence presented in his pleadings, Plaintiff asserts that the absence of a response or objection from Defendants to Plaintiff's Motion should result in a ruling in Plaintiff's favor.  (Doc. 34 at 2).  However, as Judge Langstaff noted, a preliminary injunction will not be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites.  (Doc. 29 at 7).  Plaintiff's objections do not meet that burden.  Accordingly, the Court finds that Plaintiff's Objections (Doc. 30, 34) fail to rebut the legally sound findings of Judge Langstaff, and are **OVERRULED**.

To the extent that Plaintiff's Objections (Doc. 30, 34) fail to address recommendations made in Judge Langstaff's Recommendation (Doc. 29), the Court finds that any objections not made thereto are **WAIVED**.

## CONCLUSION

Accordingly, the objections set forth in Plaintiff's Objections (Docs. 30, 34) are **OVERRULED**, and United States Magistrate Judge Langstaff's March 13, 2012 Order and Recommendation (Doc. 29), is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly Plaintiff's Supplement Complaint (Doc. 13) is hereby **DISMISSED**, including any allegations contained in the Motion to Amend (Doc. 14) and Motion for Injunction (Doc. 15), and Plaintiff's Motion for Injunctive Relief (Doc. 27) is hereby

**DENIED**.  The Medical Board for Private Contractor, the Secretary of State Board of Nursing,

Physician Burnside, and Nurse May Gore are **DISMISSED** from the case.

      **SO ORDERED**, this  25th  day of May, 2012.

                  /s/ W. Louis Sands

                  **THE HONORABLE W. LOUIS SANDS,**
                  **UNITED STATES DISTRICT COURT**