IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ALLEN ALPHONZO ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 1: 11-CV-155 (WLS) |
| OFFICER LATISHA WESLEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER AND RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. ▪ 1983 is Defendant's Motion to Dismiss (Doc. 36), and voluminous miscellaneous motions filed by Plaintiff. (Docs. 31, 33, 40, 42, 45, 48, 49, 50, 51, 52, 53, 54, 57, 62, 63, 64, 66, 73, 84, 85, 86, 87, 88, 113, 114).

**Background**

Plaintiff alleges that on November 12, 2010, while housed at Calhoun State Prison ("CSP"), Plaintiff was arrested for "simple assault". (Doc. 8). Plaintiff maintains that he was placed in handcuffs, and was then assaulted by Defendant Latisha Wesley, a corrections officer. Defendant Wesley allegedly "beat" Plaintiff on his head with her radio while Plaintiff was restrained. Plaintiff states that Defendant Wesley confessed to the beating, stating that she "was emotional" when she assaulted Plaintiff. As a result of the incident, Plaintiff alleges that he suffers cognitive and visual impairments, and continues to lose his ability to remember, think, and see.

*Motion to Dismiss (Doc. 36)*

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to Araise a right to relief above the speculative level@ *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

### Discussion

On April 11, 2012, Defendant Wesley filed a Motion to Dismiss alleging that Plaintiff's Complaint should be dismissed because Plaintiff has accrued "three strikes" under the Prison Litigation Reform Act ("PLRA"), and because Plaintiff has abused the judicial process. (Doc. 36).

<u>*Three Strikes Provision*</u>

A prisoner may be ineligible to proceed IFP if he has filed three or more previous actions or appeals that were dismissed based on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g). The Eleventh Circuit has determined that dismissals without prejudice for failure to exhaust administrative remedies and dismissals for abuse of judicial process are also properly counted as strikes. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), abrogated on other grounds by *Jones v. Block*, 549 U.S. 199

(2007); *Allen v. Clark*, 266 Fed. Appx. 815, 817 (11th Cir. 2008); *Sallen v. Valdosta State Prison*, 2008 WL 345614 (M.D. Ga. Feb. 6, 2008).

A prisoner is only allowed to file three meritless actions at a reduced rate under 28 U.S.C. § 1915(g). *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). However, a prisoner may proceed IFP, regardless of the number of strikes, if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Defendant asserts that Plaintiff has filed three meritless lawsuits prior to the filing of this lawsuit, and cannot proceed IFP. (Doc. 36-1). Defendant maintains that the following cases constitute strikes: *Adams v. Hart, et al.*, No. 5:11-CV-436 (M.D. Ga) (dismissed for failure to state a claim), *Adams v. Wetherington, et al.*, No. 00-10007 (11th Cir.) (dismissed for want of prosecution for failure to pay filing fee), and *Adams v. Wetherington, et al.*, No. 00-11113 (11th Cir.) (dismissed for want of prosecution for failure to pay filing fee). In Plaintiff's Response, he does not address the issue of "three strikes". (Doc. 39).

In evaluating whether Plaintiff has three strikes, the Court may properly take judicial notice of pleadings and orders in a previous case when the orders are public records and are "not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010); Fed. R. Evid. 201(b); *see also U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The pleadings and orders in Plaintiff's previous cases are public court records that are not subject to dispute.

A review of court records on PACER Docket Report and Defendant's exhibits reveals that Plaintiff has filed several lawsuits that could constitute strikes. It is indisputable that Plaintiff received a strike for the following case: *Adams v. Hart, et al.*, Case No. 5:11-CV-436,

3

as it was dismissed for failure to state a claim; however, this case was not dismissed until after Plaintiff filed the current case. (*See* Doc. 36-2).   Therefore, *Adams v. Hart, et al.*, was not a strike when Plaintiff initiated this lawsuit.  *Adams v. Wetherington, et al.* (No. 00-10007) and *Adams v. Wetherington, et al.* (No. 00-11113) were dismissed because Plaintiff failed to pay the full docket and filing fee. There is no evidence that these appeals were dismissed as frivolous, malicious, or for failing to state a claim.   As such, these two cases do not constitute "strikes" under the PLRA.  *Morefield v. Brewton*, 2008 WL 5209984, *2 (S.D. Ga. Dec. 11, 2008) (dismissal of an appeal for want of prosecution due to a failure to pay the appellate filing fee does not constitute a strike).

At the time Plaintiff filed the pending lawsuit, he had not incurred three strikes.   Thus, this action should not be dismissed pursuant to § 1915(g)'s "three strikes" provision.

*Abuse of Judicial Process*

Defendant further maintains that Plaintiff failed to disclose prior litigation when he filed this lawsuit, submitted false testimony in answering "No" to the complaint form questions, and failed to disclose all his previously filed lawsuits, thereby abusing the judicial process. (Doc. 36-1).

In *Rivera*, the Eleventh Circuit specifically upheld a dismissal based on abuse of process where the inmate plaintiff had failed to fully disclose all prior litigation on his civil complaint form. *Rivera,* 144 F.3d at 731.   Additionally, in *Hood*, 197 Fed.Appx. at 819, the Court upheld a sanction of dismissal based on a prisoner plaintiff's failure to disclose prior lawsuits, finding the relevant complaint form question unambiguous in requiring the disclosure of other lawsuits filed in federal court.   The Court's discretion to dismiss a case without prejudice pursuant to 1915(e)(2)(B)(i) for failing to disclose prior litigation has been exercised and

upheld on multiple occasions.  *See e.g. Shelton v. Rohrs*, 2010 WL 5122580 (11th Cir.) (affirming the dismissal of suit without prejudice pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Young v. Sec'y. Florida for Dep't. of Corrections*, 380 Fed.Appx. 939 (11th Cir. 2010) (affirming dismissal of civil rights case pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Pickett v. Yu*, 2006 WL 3694645 (N.D.Fla. Dec. 13, 2006) (dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of process based on plaintiff's failure to disclose prior litigation).

Moreover, in *Redmon v. Lake County Sheriff's Office, et al.*, 414 Fed. Appx. 221 (11th Cir. 2011), the Court provided additional directives regarding cases involving abuse of judicial process.  In *Redmon*, the lower court had determined that the plaintiff's false response to a complaint form question was an abuse of judicial process and that dismissal of his suit without prejudice was a proper sanction.  *Id.* at 222.  The Eleventh Circuit found that "a district court may impose sanctions if a party knowingly files a pleading that contains false contentions," and that "[a]lthough pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's pro se status will not excuse mistakes regarding procedural rules."  *Id.* at 225-26.

The Eleventh Circuit affirmed the district court's dismissal of the plaintiff's complaint, finding that:

> [a]fter review of the record and consideration of Plaintiff's brief, we find no abuse of discretion.  Plaintiff failed to disclose the lawsuit he filed in Colorado district court, in which he brought claims relating to the conditions of his imprisonment in a Colorado jail and which he filed prior to the Amended Complaint. . . .  The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit - that he misunderstood the form - did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction.  The

> complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment. The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so.

*Id.* at 226.

To support her Motion to Dismiss, Defendant has provided the Court with case citations for the lawsuits that were filed by Plaintiff while he was incarcerated, but prior to the filing of this action. On August 18, 1995, while incarcerated, Plaintiff filed *Adams v. Thompson, et al.*, 6:95-CV-141 (S.D. Ga.), alleging that the defendants were deliberately indifferent to a serious medical need. Plaintiff filed *Adams v. Garner, et al.*, 6:99-CV-36 (S.D. Ga.) on January 28, 1999, alleging that he was denied due process prior to being placed in disciplinary segregation. Plaintiff was granted IFP status in *Adams v. Garner, et al.*, and the case was eventually dismissed due to Plaintiff's failure to obey the court's order. Plaintiff also filed *Adams v. Hart, et al.*, 5:11-CV-436 (M.D. Ga.) on October 31, 2011, alleging miscellaneous claims against several State employees. Plaintiff was granted IFP status, and his case was dismissed for failure to state a claim. While the current case was filed before *Adams v. Hart, et al.*, a dispositive Order was entered in *Adams v. Hart, et al.* on November 8, 2011, nearly a month prior to Plaintiff filing his Recast Complaint in this case. (*See* Doc. 8). Thus, there was no reason Plaintiff should not have disclosed this other case.

In his Response to Defendant=s Motion to Dismiss, Plaintiff does not address the allegations that he was untruthful in his Complaints. (*See* Doc. 39). Based on the evidence provided to the Court, Plaintiff has failed to disclose the following information, and thereby has abused the judicial process:

6

*Complaint* (filed on October 26, 2011):

- Part I, Question B, asked if Plaintiff had "brought any lawsuits in federal court which deal with facts other than those involved in this action". The subpart asked Plaintiff to describe *each* lawsuit. (emphasis added). (*See* Doc. 1, p. 2, ¶ B).

    o Plaintiff checked "Yes", but listed only *Adams v. County Commissioner for Calhoun County, et al.*

    o Plaintiff failed to disclose:
    - *Adams v. Thompson, et al.*, 6:95-CV-141 (S.D. Ga.)
    - *Adams v. Garner, et al.*, 6:99-CV-36 (S.D. Ga.)
    - *Adams v. Hart, et al.*, 5:11-CV-436 (M.D. Ga.)

*Recast Complaint* (filed on December 5, 2011):

- Part II, Question 6, asked Plaintiff if he had "ever filed any lawsuit while incarcerated or detained." Question 7, asked Plaintiff to list the lawsuits he had filed. (*See* Doc. 8, p. 2, ¶¶ 6-7).

    o Plaintiff checked "No" to Question 6 and wrote "N/A" for Question 7.

    o Plaintiff failed to check "Yes", and failed to disclose:
    - *Adams v. Thompson, et al.*, 6:95-CV-141 (S.D. Ga.)
    - *Adams v. Garner, et al.*, 6:99-CV-36 (S.D. Ga.)
    - *Adams v. Hart, et al.*, 5:11-CV-436 (M.D. Ga.)

- Part II, Question 8, asked: "AS TO ANY LAWSUIT FILED IN ANY FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?" If the answer was "Yes", the question asked Plaintiff to list the name and docket number for each case. (*See* Doc. 8, p. 3, ¶ 8).

    o Plaintiff checked "No".

    o Plaintiff failed to check "Yes", and failed to disclose:
    - *Adams v. Hart, et al.*, 5:11-CV-436 (M.D. Ga.), which was dismissed for failure to state a claim.
    - The Court notes *Adams v. Garner, et al.*, 6:99-CV-36 (S.D. Ga.) was dismissed for failure to obey a court order.

Plaintiff failed to disclose the prior lawsuits that related to conditions of his imprisonment, and failed to disclose the lawsuits that had been dismissed due to Plaintiff's failure to state a claim and failure to obey a court order. Furthermore, it is unlikely Plaintiff

7

forgot about his previous cases because as recently as March of 2011, Plaintiff filed a letter in case numbers 6:95-CV-141 (S.D. Ga.) and 6:99-CV-36 (S.D. Ga.) requesting information about his filing fees.  *See* Doc. 88 in case no. 6:95-CV-141 (S.D. Ga.).

The Eleventh Circuit ruled in *Redmon* that a substantively identical question as posed, "clearly asked Plaintiff to disclose previously filed lawsuits . . . otherwise relating to his imprisonment"  414 Fed. Appx. at 226.  More importantly, "the form makes no reference to [disclosing only the] cases that the prisoner plaintiff deems worthy of disclosing or presumes relevant."  *Wallace v. Strength*, 2008 WL 2097146 (S.D. Ga. May 16, 2008); s*ee also Smith v. Roberts*, 2010 WL 339816 (M.D. Ga. Jan. 22, 2010) (finding the plaintiff's explanation that he failed to disclose two previous lawsuits because he was under stress at the time of filing unpersuasive and dismissing the suit without prejudice).

Based on Plaintiff's misrepresentation regarding prior lawsuits in his Complaint and Recast Complaint forms, and Plaintiff's failure to disclose his prior lawsuits, it is the finding of the undersigned that Plaintiff has abused the judicial process.  An appropriate sanction for abuse of judicial process is dismissal of the action.  *See Rivera*, 144 F.3d at 731.  Accordingly, it is the recommendation of the undersigned that the Plaintiff's Recast Complaint[1] be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

---

[1] The Court notes that Plaintiff's Recast Complaint is "in place of and substituted for" Plaintiff's original Complaint. (*See* Doc. 7, p. 2).

*Miscellaneous Motions*

The undersigned has recommended dismissal of Plaintiff's Recast Complaint based on his abuse of the judicial process in filing his Complaint and Recast Complaint.  As such, it is the recommendation of the undersigned that Plaintiff's Motions for Default Judgment, Motion for Judgment on the Pleadings, and Motion for Injunctive Relief (Docs. 33, 45, 51, 84) be **found to be moot.**

Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

All of Plaintiff's remaining Motions (Docs. 31, 40, 42, 48, 49, 50, 52, 53, 54, 57, 62, 63, 64, 66, 73, 85, 86, 87, 88, 113, 114) are hereby **found to be moot** as the undersigned is recommending dismissal of Plaintiff's Recast Complaint based on his abuse of the judicial process at the initiation of this lawsuit.

**SO ORDERED AND RECOMMENDED** , this 31st day of October, 2012.

                                                 s/ ***THOMAS Q. LANGSTAFF***
                                                 UNITED STATES MAGISTRATE JUDGE

llf