IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ALLEN ALPHONSO ADAMS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:11-CV-155 (WLS) |
| COUNTY COMMISSIONER FOR CALHOUN COUNTY, et al., | : |
| Defendants. | : |

# **ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 115). The Recommendation, filed October 31, 2012, recommends granting Defendant's Motion to Dismiss (Doc. 36) and denying as moot Plaintiff's Motions for Default Judgment, Motion for Judgment on the Pleadings, and Motion for Injunctive Relief (Docs. 33, 45, 51, 84).

The Recommendation provided the Parties with fourteen (14) days from the date of its service to file written objections to the recommendations therein. (Doc. 115 at 8.) The period for objections expired on Monday, November 19, 2012. (*See* Docket). Plaintiff's Objection to the Recommendation, filed as a Motion to Strike (Doc. 119) and a Motion for Objection (Doc. 123), were not filed until November 20, 2012, with no explanation provided for the delay. As such, it was not timely filed and will not be considered.[1]

---

[1] Plaintiff's Objection, even if it was timely, is not persuasive. Plaintiff completely fails to address the Magistrate Judge's finding that Plaintiff abused the judicial process when he submitted false testimony in answering "No" on his complaint and failing to disclose his previously filed lawsuits. No explanation or denial is provided. Instead, as best the Court can tell, Plaintiff argues that Court cannot dismiss Plaintiff's complaint because no party objected to the Court's November 16, 2011 Order granting Plaintiff's *IFP* Motion. (Doc. 119 at 1; Doc. 123 at 1.) There is no merit to this claim; the *IFP* Order has no bearing on the Court's ability to dismiss Plaintiff's complaint for abuse of the judicial process. Plaintiff also seems to believe that the Magistrate Judge's Recommendation unilaterally

Upon review and consideration, the objections set forth in Plaintiff's Objection (Docs. 119, 123) are **OVERRULED**, and United States Magistrate Judge Langstaff's October 31, 2012 Recommendation (Doc. 115), is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly Defendants' Motion to Dismiss (Doc. 36) is **GRANTED** and Plaintiff's Complaint (Doc. 7) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's Motions for Default Judgment, Motion for Judgment on the Pleadings, and Motion for Injunctive Relief (Docs. 33, 45, 51, 84) are **DENIED AS MOOT**. All of Plaintiff's remaining Motions on the Docket (Docs. 31, 40, 42, 48, 49, 50, 52, 53, 54, 57, 62, 63, 64, 66, 73, 85, 86, 87, 88, 113, 114, 117, 118, 120, 121, 122, 127, 129, 131, 133) are **DENIED AS MOOT**.

**SO ORDERED**, this  6th  day of March, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

dismissed Plaintiff's complaint without offering Plaintiff the opportunity to object, despite the statement in the Recommendation providing the parties fourteen days to submit objections. (Doc. 123 at 1.) Finally, Plaintiff contends that his complaint cannot be dismissed while his interlocutory appeal is outstanding. Without addressing the merits of Plaintiff's objection, the Court notes that Plaintiff's appeal has been denied (Doc. 138); as such, Plaintiff's objection on this ground is moot. To the extent that Plaintiff's Objections (Docs. 119, 123) fail to address recommendations made in Judge Langstaff's Recommendation (Doc. 29), the Court finds that any objections not made thereto are **WAIVED**. Accordingly, this Court finds that Petitioner's Objection (Docs. 119, 123) fails to rebut the legally sound recommendation of Judge Langstaff.