**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ALLEN ALPHONZO ADAMS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 1:11-CV-155 (WLS) |
| : | |
| COUNTY COMMISSIONER FOR : | |
| CALHOUN COUNTY, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

Presently pending before the Court are pleadings styled as Motion for Objective [sic] an [sic] Return Answer Too [sic] Order Made on 11-04-2013 in Doc. 144 (Doc. 145), Petition for Writ of Mandamus (Doc. 146), and Affidavit in Support of Request to Proceed *In Forma Pauperis* (Doc. 147). The Court construes Motion for Objective [sic] an [sic] Return Answer Too [sic] Order Made on 11-04-2013 in Doc. 144 (Doc. 145) as a Motion for Reconsideration.

**I.   Motion for Reconsideration**

On March 6, 2013, the Court adopted a Recommendation from United States Magistrate Judge Thomas Q. Langstaff dismissing the above-captioned matter against all defendants. (Docs. 115 & 140.) Plaintiff subsequently filed Notice for Interlocutory Appeal, which the Court construed as a Motion for Leave to File Interlocutory Appeal. (Docs. 142 & 144.) On November 4, 2013, the Court denied that Motion. (Doc. 144.) An interlocutory appeal was improper because judgment had been entered against all defendants and would therefore not be interlocutory. (*See* Doc. 141.) Based on Defendant's filings now under review (Docs. 145-147), the Court finds that Notice for

1

Interlocutory Appeal (Doc. 142) may have been intended to be a Request to Proceed *In Forma Pauperis* on Appeal.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Accordingly, the Court cannot grant such a request upon finding that the appeal sought to be taken *in forma pauperis* is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). While the good faith test under § 1915 does not require a preliminary showing of any particular degree of merit, the examining court at least must be able to determine from the *in forma pauperis* application whether the appeal involves legal points *arguable* on their merits. *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (citations omitted). That is, legal theories raised in the appeal must be "capable of being convincingly argued." *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (quoting *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991)). Otherwise, if they are not, they are "indisputably meritless," frivolous, and thus, brought without good faith. *Id.* (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

Upon review of the pleadings filed after judgment was entered in the above-captioned matter (Docs. 142, 143, 145-47), the Court finds that the intended appeal is not taken in good faith because the Court is unable to determine "whether the appeal involves legal points arguable on their merits." *See DeSantis*, 15 F. Supp. 2d at 1289. Accordingly, to the extent that Plaintiff requests to proceed *in forma pauperis* on appeal, that request is **DENIED.** Also, to the extent Plaintiff requests the Court to reconsider its November 4, 2013 Order denying Plaintiff's motion to certify an

interlocutory appeal, that request is **DENIED.** As such, Plaintiff's Motion for Objective [sic] an [sic] Return Answer Too [sic] Order Made on 11-04-2013 in Doc. 144 (Doc. 145) is **DENIED.**

## II. Motion for Writ of Mandamus

"A writ of mandamus 'is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available.'" *United States v. Collins*, 524 F. App'x 573, 574 (11th Cir. 2013) (citing *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003)). Plaintiff claims that he is entitled to mandamus because the clerk "fail[ed] to docket an[d] file [Plaintiff's] notice for interlocutory appeal filed on March 25, 2013." (Doc. 146 at 1.) However, Plaintiff's Notice for Interlocutory Appeal was filed on March 18, 2013. (Doc. 142.) To the extent Plaintiff's claims that the Court improperly denied his requests to proceed *in forma pauperis*, or his request for the Court to certify an interlocutory appeal, Plaintiff's Motion for Writ of Mandamus (Doc. 146) is **DENIED** for the reasons stated above and in its prior referenced orders.

## III. Motion for Leave to Proceed *In Forma Pauperis*

To the extent Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 147) should be construed as a Request to Proceed *In Forma Pauperis* on Appeal, that Motion (Doc. 147) is **DENIED** for the reasons stated above. To the extent Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 147) seeks to proceed *in forma pauperis* in any other context or for any other purpose, such a request is **DENIED** as Plaintiff has provided no legally cognizable reason or justification for the same.

**IV.     Prefiling Approval**

Plaintiff's Complaint in this case was dismissed without prejudice because he provided a false response to a complaint form question. (Doc. 115 at 8.) "If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with" the filing fee as required by 28 U.S.C. § 1915. *See Wallace v. Strength*, No. CV 108-009, 2008 WL 2097146, *2 n.2 (S.D. Ga. May 16, 2008). Because Plaintiff has previously filed a litany of meritless motions, the Court is concerned that Plaintiff will continue to burden this Court's docket with voluminous filings. Accordingly, the Court finds it appropriate to notify Plaintiff that such behavior will result in the requirement that Plaintiff first seek permission from the Court before filing additional pleadings.

Although the Court is sensitive to the importance of providing defendants access to a forum to vindicate their constitutional rights, it is also aware of its "responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc). The right of access to the courts "is neither unconditional nor absolute." *Smith v. United States*, 386 F. App'x 853, 857 (11th Cir. 2010) (quoting *Procup*, 792 F.2d at 1077–78). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III judicial functions." *Procup*, 792 F.2d at 1073–74. For that reason, "[a] litigant 'can be severely restricted as to what he may file and how he must behave in his applications for judicial relief.'" *United States v. Powerstein*, 185 F. App'x 811, 813 (11th Cir. 2006) (quoting *Procup*, 792 F.2d at 1074).

The Eleventh Circuit has afforded district courts broad discretion in shaping restrictions on a litigant's right to file pleadings. For example, in *United States v.*

4

*Powerstein*, the Eleventh Circuit upheld a district court's order barring a defendant "from filing any other pleading or documents of any kind in this case, subject to the pains and penalties of contempt of court, unless this Court is ordered by the Eleventh Circuit . . . or the Supreme Court . . . to accept filing." 185 F. App'x at 813.  In that case, the appellant, a convicted felon who had been released from prison, had filed sixty-one documents challenging his conviction.  *Id.* at 812 & n.1.  The Eleventh Circuit held that the injunction was not overbroad in part because it permitted him to file pleadings if permitted by the Eleventh Circuit.  *Id.* at 813.  On several occasions, the Eleventh Circuit has also upheld restrictions that require prefiling approval by the district judge before new filings may be docketed.  *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 518 (11th Cir. 1991); *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991).

Plaintiff is **NOTICED** that the continued filing of voluminous, meritless, or repetitive pleadings in this Court may result in the requirement that he seek prefiling approval before new filings may be docketed.

**SO ORDERED**, this  26th  day of November. 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**